IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MEGHAN LEATH,**            )
                             )
    **Plaintiff,**       )
                             )
v.                           )   No. 25-cv-2238-MSN-tmp
                             )
**MIDLAND CREDIT MANAGEMENT,** )
**INC.,**                    )
                             )
    **Defendant.**       )

---

**REPORT AND RECOMMENDATION**

---

Before the court is *pro se* plaintiff Meghan Leath's complaint.[1] Because Leath is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned finds that Leath fails to state a claim, but recommends that she be given leave to amend her complaint in lieu of dismissal.

### I.   PROPOSED FINDINGS OF FACT

Leath filed her complaint on March 3, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (ECF No. 2.) Leath alleges that defendant

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2]The undersigned granted Leath leave to proceed *in forma pauperis* on July 17, 2025. (ECF No. 7.)

Midland Credit Management, Inc. ("Midland Credit") "is a company engaged in the business of collecting debts and reporting credit information," and that "[i]t is a 'furnisher of information.'" (Id. at PageID 2.) Leath alleges that she "obtained a copy of [her] TransUnion credit report and found multiple inaccuracies, which were formally disputed." (Id.) She claims that "[d]espite receiving [her] disputes and supporting documentation, [Midland Credit] failed to conduct a reasonable investigation and continued reporting the inaccurate information." (Id.) She alleges that the following information was inaccurate:

- o Incorrect balance of $639, which was disputed but remains unchanged.

- o Account falsely reported as "placed for collection," despite lack of validation or proper investigation.

- o Failure to update remarks or account status after dispute.

- o Reporting of the account as a "Factoring Company Account," which may not be accurate.

- o Account listed with an incorrect future removal date of 05/2030, despite no valid reason for such an extended reporting period.

(Id. at PageID 3.) As a result, she claims to have "suffered credit denials, financial harm, emotional distress, and reputational damage." (Id.)

- 2 -

Leath alleges two violations of the FCRA.[3] (Id.) First, she alleges that Midland Credit violated § 1681i by failing to conduct a reasonable investigation and continuing to report false and inaccurate information on her consumer report. (Id.) Second, she alleges that Midland violated § 1681e(b) by failing to maintain reasonable procedures to ensure maximum possible accuracy of her consumer report. (Id.) As relief, she asks that the court award her actual, statutory, and punitive damages, and attorneys' fees and costs pursuant to the FCRA. (Id.)

## II.     PROPOSED CONCLUSIONS OF LAW

### A.  Legal Standard

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v.

---

[3]Leath also seeks to bring standalone claims for violations of § 1681n and § 1681o. (ECF No. 2 at PageID 3.) However, those sections create a private cause of action and govern damages for willful and negligent noncompliance with the FCRA, respectively, and are not independent claims.

Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Analysis**

Leath alleges that Midland Credit willfully and negligently violated § 1681i and § 1681e(b). However, both of those statutes apply only to the conduct of a "consumer reporting agency." See 15 U.S.C. §§ 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures

to assure maximum possible accuracy of the information concerning the individual about whom the report relates."); 1681i(a) (requiring that a "consumer reporting agency . . . conduct a reasonable reinvestigation" where a consumer disputes the accuracy of a consumer credit report); see also 15 U.S.C. § 1681a ("The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."); Bass v. Aidvantage Fed. Student Loan Servicing, No. 3:24-CV-279, 2024 WL 4296952, at *2 (W.D. Ky. Sept. 25, 2024) ("Notably, § 1681e(b) and 1681i relate only to the duties of a [consumer reporting agency]." (citing 15 U.S.C. § 1681e(b); Lewis v. Ohio Pro. Elec. Network LLC, 248 F. Supp. 2d 693 (S.D. Ohio 2003)). Because Leath has not alleged any facts demonstrating that Midland Credit is a consumer reporting agency, her claims under § 1681e(b) and § 1681i necessarily fail. See Bass, 2024 WL 4296952, at *3 (dismissing plaintiff's complaint "because [§ 1681e(b) and § 1681i] create a private right of action against [consumer reporting agencies], not furnishers").

Instead, reading Leath's complaint liberally, the undersigned interprets her allegations as bringing a claim under § 1681s-2(b) of the FCRA. "[Section] 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."[4] Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 614 (6th Cir. 2012). And "[it] works in two phases." Id. First, under § 1681s-2(a), "it imposes a duty to provide accurate information."[5] Carter, 2025 WL 1065379, at *4 (citing LaBreck, 2016 WL 6927454, at *2). Second, under § 1681s-2(b), it imposes several duties on furnishers, including "a duty to undertake an investigation upon receipt of notice of dispute from a [consumer reporting agency]." Id. (citing LaBreck, 2016 WL 6927454, at *2); see also Boggio, 696 F.3d at 616-18 (outlining furnishers' duties under § 1681s-2(b)(1)(A)-(E)).

"A private cause of action against a furnisher of information does not arise until a consumer reporting agency

---

[4] "While § 1681s-2 does not define 'furnisher,' courts have defined the term as 'any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" Carter v. Holzman L., PLLC, No. CV 24-11990, 2025 WL 1065379, at *3 (E.D. Mich. Feb. 13, 2025), report and recommendation adopted, 2025 WL 868615 (E.D. Mich. Mar. 20, 2025) (quoting LaBreck v. Mid-Mich Credit Bureau, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)).

[5] But there is no private cause of action under § 1681s-2(a). Boggio, 696 F.3d at 615 ("This is because § 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a [credit reporting agency].").

provides proper notice of a dispute." Brown v. Wal-Mart Stores, Inc., 507 F. App'x 543, 547 (6th Cir. 2012) (citing Boggio, 696 F.3d at 615-16). Thus, to plausibly state a claim under § 1681s-2(b), a plaintiff must at least allege that they disputed an inaccuracy with a consumer reporting agency, that the consumer reporting agency then notified the furnisher of that dispute, and that the furnisher then violated a statutory duty under § 1681s-2(b)(1)(A)-(E). See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E); Boggio, 696 F.3d at 616-18).

Here, Leath alleges that, after receiving her credit report from TransUnion, she "formally disputed" inaccuracies (presumably with TransUnion), and that Midland Credit then "receiv[ed] [her] disputes and supporting documentation," (ECF No. 2 at PageID 2), thus plausibly alleging that Midland Credit's duty to investigate under § 1681s-2(b) was triggered. However, although Leath identifies information she contends is inaccurate, (id. at PageID 3), she has not alleged specific facts demonstrating how that information is inaccurate or misleading. See Settles v. Trans Union, LLC, No. 3:20-CV-00084, 2020 WL 6900302, at *5 (M.D. Tenn. Nov. 24, 2020) ("[T]o establish any FCRA violation Plaintiff must show that the credit report is patently incorrect or materially misleading"; finding

that plaintiff had not plausibly alleged that the reported information was inaccurate and dismissing for failure to state a claim). Nor has she plausibly alleged facts demonstrating how Midlands Credit's investigation was unreasonable. See Bailey v. Equifax Info. Servs., LLC, No. 13-10377, 2013 WL 3305710, at *9 (E.D. Mich. July 1, 2013) (dismissing plaintiff's complaint because she "failed to make factual allegations that support her claims that [defendant] reported inaccurate or misleading information or had unreasonable procedures" (citing Elsady v. Rapid Global Bus. Solutions, Inc., 09-11659, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010)). However, because Leath plausibly alleges that Midland Credit's duties under § 1682s-2(b) were triggered, the undersigned recommends that she be given leave to amend her complaint in lieu of dismissal.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that Leath be given thirty days to amend her complaint to bring her claim under § 1681s-2(b) in lieu of dismissal.

Respectfully submitted,

s/Tu M. Pham  
TU M. PHAM  
Chief United States Magistrate Judge

July 17, 2025  
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**